IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

March 17, 2020

TAMARA CHARLES
CLERK OF THE COURT

**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

VENESSA HENDRICKS,

PLAINTIFF,

v.

PINNACLE SERVICES, LLC; AND LIMTETREE
BAY TERMINAL, LLC,

DEFENDANTS.

SX-18-CV-199

## ORDER

**AND NOW**, in accordance with the Memorandum Opinion of even date, it is hereby:

**ORDERED** that the Motions to Stay Proceedings and Compel Arbitration are **GRANTED**; it is further

**ORDERED** that the parties confer and proceed to arbitration within **THIRTY (30) DAYS.** It is further;

**ORDERED** that the parties appear for a status conference on May 14, 2020 at 9:30AM in Courtroom 206.

**DONE and so ORDERED this** _16th_ **day of March 2020.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor

Dated: ___3/16/2020___

_____
HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

## SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

VENESSA HENDRICKS,

PLAINTIFF,

V.

PINNACLE SERVICES, LLC; AND LIMTETREE
BAY TERMINAL, LLC,

DEFENDANTS.

SX-18-CV-199

Cite as: 2020 V.I. Super 037

*FOR PUBLICATION*

**Appearances:**

ATTORNEY LEE J. ROHN, ESQ.
*For Plaintiff*

ATTORNEY GEORGE H. LOGAN, ESQ.
*For Pinnacle Services, LLC*

ATTORNEY STEPHANIE L. ADLER-PAINDIRIS, ESQ.
*For Limetree Bay Terminals, LLC*

## MEMORANDUM OPINION

**WILLOCKS, Administrative Judge**

¶ 1     THIS MATTER is before the Court on the Motion to Stay Proceedings and Compel Arbitration of Pinnacle Services, LLC (hereinafter "Pinnacle"), filed June 28, 2018, and the motion by Limetree Bay Terminals, LLC (hereinafter "Limetree"), filed July 6, 2018. The motions will respectively be referred to as "Pinnacle's Motion" and "Limetree's Motion." Reviewing the two motions, it appears that Limetree essentially joined in Pinnacle's Motion. The motions are based on the same Employment Agreement and arbitration provision that the Plaintiff executed corollary to her employment with Pinnacle on or about May 22, 2017 and has put forward the same legal arguments. The Plaintiff responded in opposition to both motions on July 13, 2018. Thereafter, Pinnacle filed its reply on July 25, 2018 and Limetree filed theirs on July 27, 2018. The parties also supplemented their

2020 V.I. Super 037

briefing pursuant to Court order: Pinnacle and Limetree filed their supplements on September 18,

2018, and the Plaintiff filed hers on September 19, 2018.

¶ 2     According to Pinnacle and Limetree, the Plaintiff agreed to arbitrate work-related disputes as

a condition of her employment. (*See* Pinnacle's Mem. to Mot. 3.) The arbitration provision states in

relevant part:

## 14. ARBITRATION

Except as provided below in this section, all claims, controversies or disputes (collectively referred to as "claims" for purposes of this Agreement), whether by Employer or Employee, arising out of or in any way relating to this Agreement, or to Employee's employment by Employer, or the termination of that employment, or for bodily injury or property damage, or arising out of or related to Employee's presence (during the term of Employee's employment by Employer) at The Facility, or any other property owned leased or controlled by Employer or any subsidiary or parent or affiliated company, including claims by Employee against Employer, its shareholders or subsidiary or parent or affiliated companies, and its or their shareholders, members, officers, directors, employees, and agents (all of the foregoing shall be collectively referred to as "Employer" for purposes of this Agreement to arbitrate) shall be resolved solely and exclusively by arbitration as provided in this Agreement.

In addition, Employee specifically agrees that all claims, accruing from this day forward, that Employee may have against LIMETREE, HOVENSA, or any Contractor at the Facility, and its or their members, shareholders or subsidiary or parent or affiliated companies, and its or their officers, directors, employees, and agents, all as intended third-party beneficiaries of this Agreement (all of the foregoing shall be collectively referred to as "LIMETREE", "HOVENSA" or "Contractor", as applicable, for purposes of this agreement to arbitrate) arising out of or in any way relating to Employee's employment by Employer, or the discipline, lay off or termination of that employment, or for bodily injury or property damage, or arising out of or related to Employee's presence (during the term of Employee's employment by Employer) at The Facility, or Employee's dealings with LIMETREE, HOVENSA, or LIMTETREE's, HOVENSA's dealings with Employee, or LIMETREE's, HOVENSA's dealings with Employer or Employer's dealings with LIMETREE, HOVENSA, shall be resolved solely and exclusively by arbitration as provided in this Agreement.

## 15. MATTERS ARBITRABLE

Arbitrable matters shall be those specified in this Agreement. Arbitrable matters include, but are not limited to...any provisions of Titles 10 and 24 of the Virgin Islands Code, including without limitation claims for wrongful or retaliatory discharge or wrongful or discriminatory treatment under Virgin Islands law, including without limitation the Wrongful Discharge Act, 24 V.I. Code § 76; Whistleblowers Protection A t, 10 V.I. Code 121 et seq. and the Plant Closing Act, 24 V.I. Code 471 et seq.

any other law of the United States or the Virgin Islands prohibiting employment discrimination or retaliation or otherwise making any employment action unlawful;

tort law, including without limitation claims against Employer or Client's Name or any Contractor at the Facility, for bodily injury of any nature, defamation, and infliction of emotional distress; or property damage;

this Agreement or any other contract; and

any law or regulation affecting Employer's right to discipline, promote, demote, or terminate the employment of Employee.

The parties also agree to arbitrate the issue of arbitrability of any claim. The arbitrator shall decide all issues of arbitrability including, but not limited to, any defenses to arbitration based on waiver, delay, or like defense. The arbitrator shall also decide whether any and all conditions precedent to arbitrability have been fulfilled. The parties agree that all matters of substantive and procedural arbitrability shall be decided exclusively by arbitration. (*Id.* at 1-3; *see also* Pinnacle's Exhibit A).

¶ 3    In sum, Pinnacle and Limetree (collectively the "Defendants") assert that the arbitration agreement must be enforced pursuant to the Federal Arbitration Act (hereinafter "FAA") because the provision applies to the Plaintiff's claims, which are wrongful discharge and discrimination in violation of the Virgin Islands Civil Rights Act.

¶ 4    The Plaintiff opposes enforcement of the arbitration agreement on the ground that the Defendants have not met their burden of proving that the Employment Agreement demonstrates a transaction that affects interstate commerce.[1] (Pl.'s Supp. Br. 1.) Specifically, the Plaintiff notes that her job never took her outside the Virgin Islands, that her employment notices were to be sent to a Virgin Islands address, and that her duties did not involve any interstate commerce or interaction with the Defendants' products. (*Id.* at 4-5.) According to the Plaintiff, "[t]he employment contract at issue here does not evidence a transaction affecting interstate commerce where the parties to the contract...are a Virgin Islands corporation and a Virgin Island[er], and the transaction is providing security guard services solely at a facility in the Virgin Islands." (*Id.* at 5.)

---

[1] In the Plaintiff's Supplemental Brief, she concedes that the FAA applies to the Virgin Islands under certain circumstances, such as when a contract demonstrates an interstate nexus. Pl.'s Supp. Br. 1.

## STANDARD OF LAW

¶ 5    Pursuant to Rule 12(d) of the Virgin Islands Rules of Civil Procedure, a motion made under Rule 12(b)(6) "must be treated as one for summary judgment under Rule 56" when matters outside the pleadings are presented and not excluded by the Court. V.I.R. Civ. P. 12(d). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

¶ 6    In this case, the motions of Pinnacle and Limetree are based on failure to state a claim upon which relief can be granted under Rule 12(b)(6). However, in deciding whether a dismissal (or a stay) is warranted, the Court must review the Employment Agreement and arbitration provision at issue and which goes beyond the pleadings. As such, the Court will treat the motions as motions for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.I.R. Civ. P. 56(a).

## DISCUSSION

¶ 7    In *Whyte v. Bockino*, the Supreme Court of the Virgin Islands found that "[w]hen the FAA is applicable through the Commerce Clause, a 'contract comes within the purview fo the FAA…if an interstate nexus is shown.'" 69 V.I. 749 (S. Ct. 2018) (citations and original brackets omitted). "Thus, a party seeking to compel arbitration must not only show that an agreement to arbitrate exists, but also show that the contract evidences an interstate nexus." *Id.* (citations omitted). However, "the burden on the compelling party to show that a contract evidences an interstate nexus is relatively low." *Id.* (citations omitted). The contract need only *affect* interstate commerce and "need not be *in* interstate commerce nor have a *substantial* effect on interstate commerce…." *Id.* (citations omitted).

¶ 8    It is apparent then, that the FAA applies to the Virgin Islands when an interstate nexus can be demonstrated. In this case, the contract at issue is the Plaintiff's Employment agreement and its arbitration provision. By the terms of the arbitration provision, the Plaintiff's claims must be arbitrated.

As the Plaintiff points out, however, the Defendants have failed to offer proof that the contract relates to interstate commerce. If the Defendants had merely noted that Limetree is in the business of an oil refinery which makes interstate shipments, and that the Plaintiff was hired to guard that business, there would be no further discussion necessary.

¶ 9    As it is, the Court is reviewing these motions with an eye for summary judgment. Pursuant to Rule 56(e), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the Court can give an opportunity to address that fact or grant summary judgment if the circumstances show that the movant is still entitled to it. V.I.R. Civ. P. 56(e). Though a motion for summary judgment must include a statement of undisputed facts to which the nonmovant must have an opportunity to respond, the Court finds that ordering the parties to provide such statements and to conduct further briefing would be a waste of judicial resources and of the parties' time.

¶ 10    If the Court was to take this route, it would order the Defendants to submit briefs regarding the interstate nature of the business that the Plaintiff was protecting. The Defendants would do so, and it would only confirm what the Court has already determined: that an oil refinery is necessarily engaged in interstate commerce and that the guarding of such a facility affects interstate commerce by protecting the business even if the employment agreement does not specifically state so. The Court can conceive of no additional facts, undisputed or otherwise, which are not already before it that would affect the Court's ruling on the Defendants' motions.

¶ 11    The Court therefore finds that there is no genuine dispute as to any material fact and that the Defendants are entitled to have their motions granted as a matter of law. The Court more completely finds as follows:

¶ 12    The Plaintiff is a former employee of Pinnacle. She was hired as a security guard and assigned to protect Limetree's facility, an oil refinery that transforms crude oil into other products and then ships those products to other locations outside of the Territory.

¶ 13    On May 23, 2018, the Plaintiff filed a Complaint against the Defendants alleging that she was harassed and sexually assaulted at work. She further alleged that after reporting the abuse the Defendants took no action to resolve the Plaintiff's complaints and instead violated their own sexual harassment policies by not maintaining confidentiality and by failing to discipline the employees who had attacked and harassed the Plaintiff. The Plaintiff further alleges that she was retaliated against in terms of work assignments and that she was "constructively discharged" on April 2, 2018. The Complaint alleges wrongful discharge and discrimination in violation of the Virgin Islands Civil Rights Act.

¶ 14    In the course of her employment, the Plaintiff signed an Employment Agreement which requires the arbitration of all disputes against the Defendants relating to her employment or termination by Pinnacle and her presence at the Limetree's facility. The claims alleged in the Complaint fall under the terms of the Employment Agreement, which also requires that the issue of arbitrability be arbitrated into addition to any actual claims.

¶ 15    The Court further finds that the FAA applies to the Employment Agreement because it is apparent that the Employment Agreement has an interstate nexus. As a security guard, the Plaintiff was involved in protecting Limetree's facility, thereby allowing it to continue engaging in interstate commerce. While the Plaintiff's Employment Agreement with Pinnacle is not an agreement in interstate commerce, it affects interstate commerce.

¶ 16    Moreover, the parties have completely neglected to consider that the FAA is applicable to the Virgin Islands through the Territorial Clause. The Supreme Court's analysis in *Whyte v. Bockino*

focused on the Commerce Clause has the vehicle for enforcement of the FAA in the Virgin Islands.

However, the Supreme Court stated:

> Although the FAA applies to the states through the commerce clause...it is not clear whether the FAA applies to the Virgin Islands by way of the commerce clause. The United States Supreme Court has determined that the FAA applies to the states through the Commerce Clause based on the legislative intent outlined in H.R. Rep. No. 96, 68[th] Cong., 1st Sess., at 1 (1924)....But, the language in that House Report does not resolve which powers Congress used in applying the FAA to the Virgin Islands. Congress has the authority to regulate the Virgin Islands through legislation under the Territorial Clause. The FAA, a legislation by Congress, applies to "any territory of the United States," including the Virgin Islands. *Hence, because the FAA is a legislation which plainly states that it applies to the Virgin Islands, the Act may very well apply to the territory by way of the Territorial Clause.*

*Whyte*, 69 V.I. at 759-60 (emphasis added). It is apparent that the FAA applies to the Virgin Islands

for the simple fact that it is an act of Congress applicable to U.S. territories by virtue of the Territorial

Clause and there is no need to continually search for an interstate nexus in contracts subject to

arbitration.

¶ 17 These facts, findings, and circumstances all indicate to the Court that there is no genuine dispute

that the Plaintiff's claims must be arbitrated pursuant to the Employment Agreement.

## CONCLUSION

¶ 18    In sum, the FAA applies to the Virgin Islands, and specifically applies to the present matter.

There is no cause to reach any other issue such as the federal preemption of 24 V.I.C. § 74a or whether

this matter should be stayed or dismissed. The Court intends to order the parties to arbitration and to

keep this case on its docket as a means of ensuring that arbitration takes place with minimal delay.

Accordingly, it is hereby:

**ORDERED** that Motions to Stay Proceedings and Compel Arbitration are **GRANTED**; it is

further

**ORDERED** that the parties confer and proceed to arbitration within **THIRTY (30) DAYS**. It

is further;

**ORDERED** that the parties appear for a status conference on **May 14, 2020 at 9:30AM** in

Courtroom 206.

**DONE and so ORDERED this** _16th_ **day of March, 2020.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor

Dated: _3/16/2020_

_____
HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**